IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY MARQUE HILLIE                                                PETITIONER

v.                                                                           No. 4:17CV181-SA-DAS

SHERIFF KELVIN WILLIAMS, ET AL.                               RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Gregory Marque Hillie for a writ of *habeas corpus* under 28 U.S.C. § 2254. For the reasons set forth below, the instant petition will be dismissed for failure to state a claim upon which *habeas corpus* relief could be granted.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the

writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Discussion**

Mr. Hillie's petition is skeletal, to say the least, and his allegations are extremely unclear. He alleges that he has not been to trial, that he has been in custody since August 10, 2015, and that he was indicted on charges of murder and aggravated assault on September 25, 2017. It appears that he is a pretrial detainee. He states that he requested a "fast and speedy trial," but provides no facts in support of this claim. Mr. Hillie filled out the majority of his petition, including all grounds for relief, with "n/a." The rest of the petition is indecipherable. Indeed, all of the many petitions Mr. Hillie has filed in this court are equally indecipherable. The instant petition must therefore be dismissed, as it does not state a valid claim for federal *habeas corpus* relief.

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of April, 2018.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**